NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JENNIFER K. CRATTY,

  Plaintiff - Appellant,

v.

LELAND DUDEK, Acting Commissioner of Social Security,

  Defendant - Appellee.

No. 24-3110

D.C. No.
1:22-cv-00142-TJC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted April 3, 2025[**]
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District Judge.[***]

Jennifer Cratty appeals the district court's judgment affirming the decision of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

the Commissioner of the Social Security Administration (SSA) denying her claim for benefits. The SSA Administrative Law Judge (ALJ) concluded that Cratty was not disabled, and the district court affirmed. We review the SSA's factual determinations for substantial evidence. *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022). We have jurisdiction under 28 U.S.C. § 1291. For the following reasons, we affirm.

1.      The ALJ did not fail to fully develop the record. Cratty argues that the ALJ's manner of questioning sought to prevent her from presenting evidence and triggered her anxiety. Although, at times, the ALJ interrupted Cratty and directed her to answer the question posed, there is no evidence that the ALJ failed to develop the record. Cratty's counsel had ample time to ask questions and give closing comments. The ALJ then held the record open for 30 additional days. Some cross talk is to be expected during a telephonic hearing like this one, and as Cratty concedes, the record does not show that the ALJ was hostile to her. The ALJ reasonably developed the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (discussing the ALJ's duty to develop the record) (citations omitted).

2.      The ALJ did not err in discounting Cratty's testimony. Cratty argues that the ALJ improperly rejected her subjective testimony. The ALJ considered Cratty's testimony, her self-reports to physicians, and those physicians' own reports. Although Cratty testified to her issues with anxiety and anger, as well as neck pain,

her medical records and self-reports show that she also told physicians that she was doing well, volunteered, and planned to train to become a school bus driver. Given these inconsistences, the ALJ did not err in discounting portions of Cratty's testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

3.      Substantial evidence supports the ALJ's finding that the Nurse Practitioner's opinion was unpersuasive. Cratty argues the ALJ failed to "give proper consideration to the opinion of [the] treating nurse practitioner." She argues remand is necessary because the ALJ failed to consider the supportability and consistency factors when discussing the Nurse Practitioner's medical opinion.

The ALJ was required to consider the medical evidence under 20 C.F.R. §§ 404.1520c and 416.920c. Under these regulations, an ALJ must consider medical opinions according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors such as the medical source's familiarity with other evidence in the claim or understanding of the disability program requirements. 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2).

Although the ALJ did not use the words "consistency" or "supportability," he explained that the Nurse Practitioner's opinion was "not particularly probative or useful . . . given that his progress reports have consistently describe[d] the claimant as doing well." In other words, the ALJ found the Nurse Practitioner's opinion

inconsistent with Cratty's self-report and the other medical evidence. Substantial evidence exists in the record to support that finding.

4.    The ALJ reasonably found Cratty not disabled based on vocational expert testimony. Cratty argues that the ALJ failed to consider her limitations when asking the vocational expert for potential jobs she would be able to perform. The ALJ considered Cratty's testimony, her self-reports, physician reports, and medical records and concluded that Cratty could work full-time jobs that did not require much interfacing with others. The ALJ reasonably found Cratty not disabled after the vocational expert testified that she could perform three different occupations that "exist in significant numbers in the national economy." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**